IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH BILLUPS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:07CV839-MEF |
| LOWE'S COMPANIES, INC., and SPECIALITY RISK SERVICES, | ) ) ) |
| Defendants. | ) |

*(Filed stamp: 2007 SEP 17 A 11:03, DEBRA P. HACKETT, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA)*

## NOTICE OF REMOVAL

COME NOW Defendants Lowe's Companies, Inc. and Speciality Risk Services, by and through counsel, and hereby file and serve this Notice of Removal, removing this action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. In support thereof, the Defendant states as follows.

1. This civil action was initiated in the Circuit Court of Montgomery County, Alabama as case number CV 07-1272. The Complaint was served upon Defendant Speciality Risk Services on August 17, 2007 and on Defendant Lowe's Companies, Inc on August 20, 2007. A true and accurate copy of the Complaint is attached hereto as Exhibit "A."

2. This Notice of Removal is filed and served within 30 days of the date of service as described above.

3.  This action is being removed to Federal District Court on the basis of diversity jurisdiction as allowed by 28 U.S.C. § 1332.

4.  The United States District Court for the Middle District of Alabama, Northern Division, has original jurisdiction under 28 U.S.C. § 1332. This action is removable under 28 U.S.C. § 1441.

5.  This Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, because there is diversity of citizenship. The Plaintiff, Elizabeth Billups, is a citizen of the State of Alabama. Defendant Lowe's Companies, Inc. is a North Carolina corporation with its home office and principle place of business in North Carolina; Defendant Speciality Risk Services is a Delaware corporation, with a principle place of business in Connecticut. As such, complete diversity of citizenship exists.

The amount in controversy of this matter exceeds the sum of $75,000. The Plaintiff claims to have suffered a severe neck and shoulder injury. The Plaintiff has both orally and in writing, through counsel, indicated that she has already incurred in excess of $20,000 in medical expenses. Further, she claims that future surgery on her neck will be required, the cost of which, if performed, would approach $50,000, making her total medical expenses alone in the $75,000 range. Because the Plaintiff is also claiming mental anguish, emotional distress, pain and suffering and has demanded punitive damages, the value of her claims, if successful, could certainly exceed $75,000.

7. This Notice of Filing Notice of Removal and other accompanying papers and notices have been served upon all counsel of record and adverse parties and filed with the Clerk of the State of Court from which this action is being removed, the Circuit Court of Montgomery County, Alabama, as required by 28 U.S.C. § 1446(d). A copy of said Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

8. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a) as amended, which eliminates the requirement for a verified petition.

9. A copy of all pleadings, papers, Notices, and Orders, served upon the defendants and which consist of the Record of the Clerk of the Circuit Court of Montgomery County, Alabama, have been attached hereto as Exhibit "A."

10. For the reasons stated herein, this Federal District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 and the case is properly removed pursuant to 28 U.S.C. 1441.

Respectfully submitted this the _11_ day of _September_, 2007.

```
_____
JOSEPH E. STOTT - AS B-4163-T71J
Attorney for Defendant Lowe's Companies, Inc.
and Speciality Risk Services
```

**OF COUNSEL:**

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road

Birmingham, AL 35344
(205) 967-9675 - Telephone
(205) 967-7563 - Facsimile
jstott@sssandf.com - Email

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH BILLUPS,           ) | |
|                              ) | |
|   Plaintiff,                 ) | |
|                              ) | |
| v.                           ) | Case No. _____ |
|                              ) | |
| LOWE'S COMPANIES, INC.,      ) | |
| and SPECIALITY RISK SERVICES,) | |
|                              ) | |
|   Defendants.                ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on September 7, 2007 served a copy of the foregoing on the following attorneys of record by placing a copy of same in the U.S. Mail:

Karen Sampson Rodgers, Esq.
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, AL 36104

_____
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-2007-1272 |

IN THE  **Circuit**  COURT OF  **Montgomery**  COUNTY

Plaintiff **Elizabeth Billups** v. Defendant **Lowe's Companies, Inc. Specialty Risk Services**

NOTICE TO **Lowe's Companies, Inc., 1000 Lowe's Blvd, Mooresville, North Carolina 28117**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Karen Sampson Rodgers** WHOSE ADDRESS IS **459 South McDonough Street, Suite 5, Montgomery, Alabama 36104**.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☒ Service by certified mail of this summons is initiated upon the written request of _Karen Sampson_ pursuant to the Alabama Rules of Civil Procedure.

Date **8/15/07**

_Melissa Pittman_
Clerk/Register    By: _Rodgers_

☒ Certified Mail is hereby requested.

_Karen Rodgers_
Plaintiff's/Attorney's Signature

FILED
2007 AUG 10 PM 4:23
CIRCUIT COURT OF MONTGOMERY COUNTY

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ (Date)
Alabama on _____. _____ County,
        (Date)

Date _____

Type of Process Server _____

Server's Signature _____

Address of Server _____

Phone Number of Server _____

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH BILLUPS, ) | |
| Plaintiff, ) | |
| vs. ) | CASE NUMBER: 2007-1272 |
| ) | |
| LOWE'S COMPANIES, INC. and ) | |
| SPECIALTY RISK SERVICES ) | JURY DEMAND |
| ) | |
| Defendants, ) | |

## ORIGINAL COMPLAINT

**COMES NOW** Plaintiff, by and through undersigned counsel, and hereby complains of Defendant as follows:

I.   PARTIES, JURISDICTION AND VENUE

1.   Plaintiffs Elizabeth Billups (hereinafter Plaintiff Billups), is a resident citizen of Montgomery County, Alabama, and over the age of 19 years.

2.   Defendant, Lowe's Companies, Inc., is a North Carolina, corporation, qualified to do business in the State of Alabama.

3.   Defendant Specialty Risk Services, is a North Carolina corporation, qualified to do business in the State of Alabama.

II   FACTS

3.   Plaintiff adopts and incorporates paragraphs one through two above as if more fully stated herein.

4.   On, or about August 10, 2005, Plaintiff was injured while shopping in Lowe's, a vacuum, which was over her head fell from above and struck her. As the vaccum fell, the Lowe's

employees burst out and began laughing without coming to the assistance of Plaintiff. Injured at the time, Plaintiff made it to the front desk and requested a manager. Nonetheless, the manager never showed up and in severe pain Plaintiff rushed to the doctor for relief.

5. As a result of the accident, Plaintiff Billups suffered a neck injury, severe headaches and shoulder pain, whereas she is still suffering today. The doctor has suggested surgery on her neck to decrease the shoulder pain, but it has not been performed due to Plaintiff's elevated high blood pressure and chest pain.

### III.  CAUSES OF ACTION

#### A. NEGLIGENCE

6. Plaintiff adopts and incorporates paragraphs one through five above as if more fully stated herein.

7. Plaintiff asserts that the Defendant committed the following act of negligence:

   a. Defendants had a duty to secure the vaccum in the store in a safe position, which would not cause injuries to customers, such as Plaintiff Billups.. Specifically, Defendants had a duty to ensure that reasonable measures were taken by them to adhere to safety precautions. Instead, Defendants placed the vaccum in an unsafe manner, which caused it to fall and hurt Plaintiff Billups.

   b. Said negligent conduct was a proximate cause of Plaintiff Billup's injuries and damages hereinafter described. Plaintiff Billups was physically, mentally and emotionally damaged. Plaintiff further received disabilities to her body.

8. As a proximate result of the above stated negligence Plaintiff Billups sustained physical injury, medical expenses and prescription drugs/out of pocket expenses, emotional distress and mental anguish.

WHEREFORE, premises considered, Plaintiffs respectfully requests that this Honorable Court enter judgment for such an amount of compensatory damages and punitive damages, and costs a jury deems just and reasonable under the facts and circumstances of this case.

## B. WANTONESS

9. Plaintiff adopts and incorporates paragraphs one through eight above as if more fully stated herein.

10. Plaintiff asserts that the Defendant committed the following act of wantonness:

   a. Defendant Lowe's had a duty to ensure that the vacuums they displayed were displayed and shelved operated in a safe manner. Specifically, Defendant Lowe's had a duty to ensure that reasonable measures were taken when the positioned the vacuum, on the shelf. Defendant Lowe's wantonly breached said duty, with reckless disregard for the safety of others, when the vacuum failed striking Plaintiff and causing her injuries;

11. As a proximate result of the above gross negligence and/or reckless/wanton conduct on behalf of the Defendant, Plaintiff sustained physical injury, medical expenses, property damage, emotional distress and mental anguish, as described in paragraph 7 and 8 above.

WHEREFORE, premises considered, Plaintiffs respectfully requests that this Honorable Court enter judgment for such an amount of compensatory damages, punitive damages, and cost a jury deems just and reasonable under the facts and circumstances of this case.

Respectfully submitted on this 8th day of August, 2007.

Respectfully Submitted:

*[signature]*

                                                Elizabeth Billups, Plaintiff

Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, Alabama 36104
334/262-6481 (Phone)
334/262-6482 (Facsimile)
karensamrodgers@yahoo.com

_____
Karen Sampson Rodgers (SAM018)
Attorney for Plaintiff Billups

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000478
Cashier ID: brobinso
Transaction Date: 09/17/2007
Payer Name: SCOTT SULLIVAN STREETMAN FOX
--------------------------------------
CIVIL FILING FEE
  For: SCOTT SULLIVAN STREETMAN FOX
  Case/Party: D-ALM-2-07-CV-000839-001
  Amount:         $350.00
--------------------------------------
CHECK
  Check/Money Order Num: 9321
  Amt Tendered:   $350.00
--------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

BILLUPS V. LOWES COMPANIES ET AL
```