IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH BILLUPS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:07-cv-00839-MEF-CSC |
| | ) |
| LOWE'S COMPANIES, INC., | ) |
| and SPECIALITY RISK SERVICES, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER

COMES NOW Defendant Lowe's Home Centers, Inc., incorrectly designated as "Lowe's Companies, Inc."[1] and by way of Answer to the Plaintiff's Complaint states as follows:

1.    The Defendant without sufficient information to admit or deny the allegations of paragraph 1 of the Plaintiff's Complaint and therefore demands strict proof thereof.

2.    The Defendant admits that Lowe's Home Centers, Inc. is a North Carolina corporation, with a principle place of business in North Carolina, which is qualified to do business in the State of Alabama.

3.    The allegations of paragraph 3 are not directed at this Defendant therefore do not requires a response.

---

[1] Lowe's Home Centers, Inc. and Lowe's Companies, Inc. are two separate and distinct entities. However, Lowe's Home Centers, Inc. is the correct designation of the Defendant described in the Plaintiff's Complaint. Based on oral conversations with Plaintiff's counsel, the Defendant expects that the Complaint will be amended properly naming Lowe's Home Centers, Inc. as the appropriate Defendant.

3.(sic) The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

4. At this time, the Defendant is without sufficient information to admit or deny the allegation that the Plaintiff was struck with a vacuum. All remaining allegations of paragraph 4 of the Plaintiff's Complaint are denied.

5. Denied.

6. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

7. Denied.

8. Denied.

9. The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

10. Denied.

11. Denied.

## DEFENSES

### FIRST DEFENSE

The Defendant pleads not guilty.

### SECOND DEFENSE

The Defendant denies each and every material averment of Plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

## FOURTH DEFENSE

The Defendant denies that it is guilty of any negligent and/or wanton conduct on the occasion complained of and further denies that any negligent and/or wanton conduct on their part proximately caused or proximately contributed to cause the Plaintiff's alleged injuries and damages.

## FIFTH DEFENSE

The defendant avers that the Plaintiff's alleged injuries and damages were proximately or solely caused by the actions and/or omissions of someone other than this Defendant and over whom this Defendant possess no right of supervision or control and for whose acts this Defendant is not legally responsible.

## SIXTEENTH DEFENSE

The Defendant denies the Plaintiff was injured and damaged to the extent claimed and demands strict proof thereof.

## SEVENTEENTH DEFENSE

Defendant avers that the applicable statute of limitations bars some or all of the Plaintiffs' claims.

**EIGHTEENTH DEFENSE**

Defendant avers improper venue.

**NINETEENTH DEFENSE**

Defendant avers insufficiency of process.

**TWENTIETH DEFENSE**

Defendant avers insufficiency of service of process.

**TWENTY FIRST DEFENSE**

Defendant avers contributory negligence.

**TWENTY SECOND DEFENSE**

The Defendant pleads that some or all of the Plaintiffs' damages have been paid by a collateral source.

**TWENTY THIRD DEFENSE**

The Defendant pleads that the condition complained of the Plaintiff was open and obvious.

**TWENTY FOURTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article 1, Section 15 of the Constitution of Alabama.

**TWENTY FIFTH DEFENSE**

_____The injuries complained of by the Plaintiff were the result of an efficient intervening cause.

**TWENTY SIXTH DEFENSE**

_____The Plaintiff's alleged injuries were caused by a third party over whom this Defendant had no right of control.

**TWENTY SEVENTH DEFENSE**

_____The Defendant pleads assumption of the risk.

**TWENTY EIGHTH DEFENSE**

The Defendant adopts and incorporates by reference any and all defenses pled by any other party to this action.

**TWENTY NINTH DEFENSE**

_____The Defendant reserves the right to add any additional defenses that discovery would reveal to be available.

Respectfully submitted this the _____ day of _____, 2007.

            **s/JOSEPH E. STOTT**
            ASB-4163-T71J
            Attorney for Defendant Lowe's Companies, Inc.
            and Speciality Risk Services
            **SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
            2450 Valleydale Road
            Birmingham, AL 35344
            (205) 967-9675 - Telephone
            (205) 967-7563 - Facsimile

_____    jstott@sssandf.com - Email

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ELIZABETH BILLUPS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **LOWE'S COMPANIES, INC.,** ) | |
| **and SPECIALITY RISK SERVICES,** ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on October 2, 2007 served a copy of the foregoing on the following attorneys of record via Efile and/or by placing a copy of same in the U.S. Mail:

Karen Sampson Rodgers, Esq.
Karen Sampson Rodgers, LLC
459 South McDonough Street, Suite 5
Montgomery, AL 36104

Respectfully submitted,

**s/JOSEPH E. STOTT**
ASB-4163-T71J
Attorney for Defendant Lowe's Companies, Inc.
and Speciality Risk Services
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35344
(205) 967-9675 - Telephone
(205) 967-7563 - Facsimile
jstott@sssandf.com - Email