IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH BILLUPS,           )<br>                                          )<br>     Plaintiff,                       )<br>                                          )<br>v.                                       )<br>                                          )<br>LOWE'S COMPANIES, INC.,   )<br>and SPECIALITY RISK SERVICES, )<br>                                          )<br>     Defendants.                 ) | Case   No.   2:07cv839-MEF |

## HIPAA ORDER

Now pending before the court are the defendant's motion for a HIPAA protective order (doc. # 8) filed on November 7, 2007.  The plaintiff does not object to entry of this order.  Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a HIPAA order (doc. # 8) be and is hereby GRANTED.  It is further

ORDERED as follows:

1.      Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the *Federal Rules of Civil Procedure* pertaining to the scope and limits of discovery, the

attorneys for the parties to the lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information").  Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

2. This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

3. Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure.  Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

4. Nothing in this Order shall be construed to authorize any party or any attorney

for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee or the attorney or party.

    5.    At the conclusion of this action, the parties and counsel for the parties may use and disclose the described information for the purposes of this proceeding only and are to return or destroy such information (including all copies made) when this proceeding is terminated.

    6.    The specific information sought is:

        a.    Medical records

        b.    Radiology reports

        c.    Consultation reports

        d.    Nurses' notes

        e.    Doctors' notes

        f.    Doctors' orders

        g.    Physical therapy records

        h.    Clinical notes

        i.    Invoices issued relative to the care and treatment of Elizabeth Billups

        j.    Emergency Room records

        k.    Diagnostic quality copies of X-rays and radiological films

        l.    MRI film

        m.    CT scan films

        n.    Any Cine films

      o.     Billing records

Done this 9th day of November, 2007.

                                     /s/Charles S. Coody
                                CHARLES S. COODY
                                CHIEF UNITED STATES MAGISTRATE JUDGE